IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GLEN, and<br>JAZMIN KEYHEA,<br><br>        Plaintiffs,<br><br>v.<br><br>ALTON HOUSING AUTHORITY, and<br>GREG DENTON,<br><br>        Defendants. | Case No. 25-cv-00914-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court for case management purposes to address the issue of multiple plaintiffs being named in this case and several pending motions.

**I.    Multiple Plaintiffs**

This case was initiated on May 13, 2025, by Plaintiff Anthony Glen. (Doc. 3). In addition to himself, Anthony Glen lists Jazmin Keyhea as a plaintiff. (*Id.* at p. 1). Keyhea, however, did not sign the Complaint, pay the filing fee, or file a motion to proceed without prepayment of the filing fee. There is no address of record for her provided in the Complaint, and she has not filed anything in this case. There is no indication that Keyhea is aware that she is joined as a plaintiff in this federal lawsuit. It appears that Glen maybe attempting to litigate this case on Keyhea's behalf, which he cannot do. Glen is only entitled to assert his own rights, and as he is not an attorney, he may not represent others in this matter. *See Massey v. Helman,* 196 F.3d 727, 739-40 (7th Cir. 1999). Accordingly, the Court **DISMISSES** Jazmin Keyhea without prejudice from this case.

## II.   Motion for Leave to Proceed in forma pauperis

Plaintiff Glen has filed a motion to proceed without prepayment of the filing fee on behalf of himself and Jazmin Keyhea. (Doc. 4). As mentioned above, Glen is the only individual to sign the motion. Because Glen, who is not a licensed attorney, cannot file a document on behalf of another individual and Keyhea has been dismissed from this case, the Clerk of Court is **DIRECTED** to **STIKE** the motion for leave to proceed without prepaying fees or costs at Doc. 4. *See* FED. R. CIV. P. 11(a).

Plaintiff Glen shall have until **September 26, 2025,** to submit the $405.00 filing fee or a new motion to proceed without prepayment of the filing fee. If Glen files a motion to proceed without prepayment of the filing fee, the Court must review his trust fund account statement for the six-month period immediately preceding the filing of this action. Thus, Glen must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of your trust fund account statement (or institutional equivalent). If Glen fails to pay the filing fee or submit a new motion to proceed without prepayment of the filing fee by the deadline, the case will be dismissed without prejudice for failure to prosecute. FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

## III.   Motion for Recruitment of Counsel

Plaintiff Glen has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 5). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Other than stating that he is incarcerated, Glen does not provide any information regarding efforts he has made to retain a lawyer himself prior to seeking the assistance of the Court. The fact that Glen is incarcerated does not adequately demonstrate that he has been effectively precluded from contacting lawyers to represent him. Therefore, he has failed to meet his threshold burden, and the motion for recruitment of counsel is **DENIED**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and addresses of the attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## IV.    Motions to Amend and Supplement

Plaintiff has filed three motions attempting to amend the Complaint in order to modify the amount of damages requested and add facts and exhibits. (Doc. 7, 8, 9). These motions are **DENIED**. The Court does not allow piecemeal amendments, modifications, or supplements to a complaint. Plaintiff is advised that an amended complaint is a single document that must stand on its own without reference to any other pleading and include all claims against all defendants and his requested relief. An amended complaint supersedes and replaces the original complaint and renders the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

## V.    Motion to Appear

The Court **DENIES** Plaintiff Glen's Motion to Appear. (Doc. 10). In the motion, Glen asks that he and Keyhea be allowed to appear by court writ in person "when the above pending case is in session." (*Id.* at p. 1). The motion is premature, as there are no hearings set in this case at this time.

### VI. Motion for Status

Plaintiff Glen has filed a motion asking why he has not received summons paperwork. (Doc. 11). The motion is **GRANTED.** After Glen's filing fee status is determined, the Court will review the Complaint to identify legally sufficient claims and defendants and dismiss any legally insufficient claims. *See* 28 U.S.C. Sec. 1915A. The Court will conduct this review within the next 60 days and inform you of the findings in a Merit Review Order. No other action will be taken in your case during this time, absent extraordinary circumstances. Therefore, you do not need to submit any evidence, argument, motions, or other documents. Once the Court issues a Merit Review Order, the Court will conduct service on Plaintiff Glen's behalf.

### VII. Other Matters

Finally, Plaintiff Glen is advised that if his address changes, he must notify the Court within fourteen days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of your case.

**IT IS SO ORDERED.**

**DATED:** August 27, 2025

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**