IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GLEN,
#Y65347,

          Plaintiff,

v.

ALTON HOUSING AUTHORITY,
GREG DENTON, and
LISA BROWN,

          Defendants.

Case No. 25-cv-00914-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Anthony Glen, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Taylorville Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on August 15, 2024, in the early morning, police officers from the Alton Police Department and other joint agencies executed a "no knock warrant" at 775 Oakwood, the home of Plaintiff and Jazmin Keyhea. (Doc. 18, p. 6, 9). At this time, Plaintiff and Keyhea had been tenants of the property, owned by the Alton Housing Authority, for ten years. (*Id.* at p. 13).

When the police arrived, Plaintiff, Keyhea, and their 18-year-old son, Kenny, and family dog,

Spade, were present in the home. (Doc. 18, p. 6). According to Plaintiff, he and Keyhea were arrested, Kenny was released into the care of Plaintiff's mother and brother, and Spade was taken to an undisclosed location. (*Id.* at p. 10).

Following their removal from the home, Plaintiff claims that either the Alton Housing Authority or the Alton Police Department failed to lock and secure the home, resulting in the house being robbed of its contents. (Doc. 18, p. 10, 15). Plaintiff states that the entire home was "ransacked and destroyed" by various members of the community. (*Id.* at p. 10). He asserts that he and Keyhea lost everything they own, including two vehicles. (*Id.*). While Plaintiff was at the Madison County Jail, he telephoned the Alton Housing Authority and informed them that he had received reports that his house was being robbed. (*Id.* at p. 11). Plaintiff asked Alton Housing Authority staff members to send someone to his residence. (*Id.*). At some point, Greg Denton, the director of the Alton Housing Authority, and Lisa Brown, the manager, reported the break-in to the police, and an investigation into the robbery is ongoing. (*Id.* at p. 15). Plaintiff requests $2,000,000 in damages for the loss of his property. (*Id.* at p. 7).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The statute does not confer rights on individuals; rather, it serves as a vehicle "for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94 (1989). Furthermore, "individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci,* 597 F. 3d 824, 833 (7th Cir. 2010).

Plaintiff does not specify what constitutional amendment or federal law that he believes Defendants' conduct violated. Because Plaintiff's assertions involve the deprivation of his property, the Court will construe Plaintiff's allegations as being brought under the due process clause of the

Fourteenth Amendment. A violation of the Fourteenth Amendment occurs under Section 1983 when "(1) the offending conduct was committed by someone who acted under the color of state law; (2) the actions deprive the plaintiff of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due process of law." *Germano v. Winnebago Cnty., Ill.,* 403 F. 3d 926, 927 (7th Cir. 2005).

After review of the First Amended Complaint, the Court finds that Plaintiff has failed to state a claim against Defendants Denton and Brown for the violation of the Fourteenth Amendment because there are no allegations that they were directly involved in the confiscation of Plaintiff's property. Plaintiff alleges that his property was taken and damaged by private citizens, "members of the community," due to the negligence of either the Alton Housing Authority staff or Alton Police Department, who failed to lock and secure his home following his arrest. (Doc. 18, p. 10, 15). Nothing in the First Amended Complaint indicates that Denton and Brown participated in the robbery or deprivation of Plaintiff's property in anyway. They only reported the incident after it occurred. (*Id.* at p. 15). These allegations do not establish that Denton or Brown caused or participated in a constitutional violation, and "[o]fficials who simply fail to protect citizens from private actors cannot be liable" under Section 1983. *Hansen v. Cannon,* 122 F. App'x 265, 269 (7th Cir. 2004) (citing *DeShaney v. Winnebago Cnty. Dep't Soc. Servs.,* 489 U.S. 189 (1989)). Therefore, Plaintiff's claims against Denton and Brown are dismissed. Plaintiff has also failed to state a viable claim against Alton Housing Authority, as he does not allege facts that his constitutional rights were violated, under color of law, as a result of a municipality's policy or custom." See *Monell v. Dept' of Soc. Servs.,* 436 U.S. 658 (1978).

Because Plaintiff has failed to state a claim against any of the named Defendants, the First Amended Complaint will be dismissed without prejudice. Plaintiff will be given an opportunity, however, to amend his pleadings.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a second Motion for Recruitment of Counsel (Doc. 19), which is **DENIED**.[1] In an attempt to find an attorney on his own, Plaintiff states that he wrote letters to five law firms, and he provides the names and addresses of the law firms, along with a copy of his letter. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. In response to his ability to pursue this action pro se, Plaintiff states that he does not know the law or how to argue the case. Nonetheless, the Court finds that Plaintiff is capable of representing himself at this time.

Limited knowledge of the law is not unique to Plaintiff as a pro se litigant and does not necessarily warrant recruitment of counsel. This case is in the very early stages and extensive argument and legal research are not required, *See Kadamovas v. Steven,* 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Plaintiff has some high school education and has demonstrated an ability to clearly communicate with the Court and follow directions. He appears competent to draft and submit an amended complaint, which only requires a short and plain statement telling what each defendant, listed in the case caption, did wrong. Accordingly, the Court finds that Plaintiff can represent himself, at least for now.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **December 17, 2025**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims.

---

[1] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **December 17, 2025**, Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike for the purposes of 28 U.S.C. § 1915(g).

If Plaintiff does file an amended complaint, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 25-cv-00914-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2025**

                                               s/Stephen P. McGlynn
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**