**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANTHONY GLEN,** **#Y65347,** | |
| **Plaintiff,** | **Case No. 25-cv-00914-SPM** |
| **v.** | |
| **ALTON HOUSING AUTHORITY,** **GREG DENTON,** **LISA BROWN, and** **EDDIE THOMAS,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Anthony Glen, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Taylorville Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE SECOND AMENDED COMPLAINT

Plaintiff alleges that on August 14, 2024, in the early morning hours, police officers from the Alton Police Department executed a search warrant of his home at 775 Oakwood. (Doc. 24, p. 15). At the time the search warrant was executed, Plaintiff had been renting the residence from the Alton Housing Authority for ten years. (*Id.* at p. 7). During the search, the house was "completely

Page 1 of 6

damaged." (*Id.* at p. 6). The doors and windows were broken, leaving the residence "exposed" and "opened." (*Id.*). When the police completed their search, they turned the house back "over to" Alton Housing Authority at around 6:00 a.m. (*Id.*). Staff from the Alton Housing Authority, however, failed to "board up" and secure the residence. (*Id.* at p. 7). Greg Denton, the Director of the Alton Housing Authority, was "onsite" the morning of August 14, 2024. (*Id.* at p. 6).

Later that day, on August 14, 2024, Plaintiff called Denton from the Madison County jail. (Doc. 24, p. 11). Plaintiff asked Denton if family members could meet Denton at Plaintiff's house to remove personal property. (*Id.*). Denton denied Plaintiff's request and told Plaintiff that Plaintiff "must go through an attorney." (*Id.*).

At some point between August 14 and August 15, 2024, Eddie Thomas, a maintenance employee with the Alton Housing Authority, robbed the residence. (Doc. 24, p. 2, 6). Thomas took a BBQ grill and other items. (*Id.* at p. 6). According to Plaintiff, Thomas gave the BBQ grill to a person named Tolbert. (*Id.* at p. 2). Plaintiff called the Alton Housing Authority, sometime between August 15 and August 17, and reported the theft to staff members Krissy and Jessica. (*Id.* at p. 6-7). Plaintiff also reported the theft to the Alton Police Department. (Doc. 24, p. 7).

Contrary to his claim that Eddie Thomas came and took his BBQ grill and gave it to Tolbert, Plaintiff also asserts that Greg Denton and Eddie Thomas allowed Tolbert to come to the residence and remove the BBQ grill. (Doc. 24, p. 12). Denton told Plaintiff during a phone conversation, on or around August 16, 2024, about Tolbert taking the grill. (*Id.*). Denton explained that Tolbert told Denton that Plaintiff had said it was "okay" for Tolbert to remove the grill. (*Id.* at p. 13). Plaintiff asserts that he did not give anyone permission to remove items from his house and that he had not spoken with Tolbert. (*Id.* at p. 12, 13). Plaintiff iterates that Denton had previously told him that he would need to go through an attorney in order to have someone come to collect his property. (*Id.* at p. 13).

Page 2 of 6

Plaintiff asserts that the Alton Police report contains conflicting stories regarding the robbery. (Doc. 24, p. 8). He states that the police report includes a statement from the Alton Housing Authority Maintenance Supervisor, Darryl. In his statement, Darryl claims that he was in the residence doing repairs, and he saw a cell phone and two T.V.'s inside the home. (*Id.*). Darryl left the residence for a "period of time," and when he returned, the cellphone and the T.V.'s were gone. (*Id.*). Darryl states that he reported the crime. (*Id.*).

According to Plaintiff, the Alton Police report also records Lisa Brown, the manager of Alton Housing Authority, as claiming that after the house was secured, she was notified by another tenant that the residence had been "broken into" and that maintenance workers claim they saw broken glass on the ground. (Doc. 24, p. 9). Because there is a metal gate that goes over the windows and locks from the inside, Plaintiff believes that Brown falsified "the truth about how the break in was discovered." (*Id.* at p. 9-10).

## DISCUSSION

As in the previous Complaint, Plaintiff does not specify in the Second Amended Complaint which constitutional right he believes was violated. (*See* Doc. 24, p. 7, 10, 12). Therefore, because Plaintiff's assertions involve the deprivation of his property, the Court will again construe Plaintiff's allegations as being brought under the procedural due process clause of the Fourteenth Amendment. A violation of the Fourteenth Amendment occurs under Section 1983 when "(1) the offending conduct was committed by someone who acted under the color of state law; (2) the actions deprive the plaintiff of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due process of law." *Germano v. Winnebago Cnty., Ill.,* 403 F. 3d 926, 927 (7th Cir. 2005).

Plaintiff asserts that he was deprived of his property due to various acts by Defendants Denton, Brown, and Thomas, all of whom were employees of the Alton Housing Authority.

Page 3 of 6

Plaintiff, however, has failed to state a claim because there is no civil rights claim for the intentional deprivation of property in federal court if the state provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Therefore, Plaintiff must pursue any property loss claim in that forum.

To the extent Plaintiff is attempting to bring a substantive due process claim, such claim also fails. "In order to prevail on a substantive due process claim involving a deprivation of a property interest, a plaintiff must 'show either the inadequacy of state law remedies or an independent constitutional violation.'" *Gable v. City of Chicago,* 296 F.3d 531, 541 (7th Cir. 2022) (holding that there was no procedural or substantive due process claim where the plaintiffs were erroneously told that their vehicles were not at the impound lot and their vehicles were damaged while at the lot (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996))). Plaintiff has not pled facts implicating a fundamental right, other than wrongful deprivation of his property, and he "cannot show the inadequacy of state law remedies." (*Id.*). *See also Lee v. City of Chicago,* 330 F.3d 456, 467 (7th Cir. 2003). The Fourteenth Amendment claims against Defendants Denton, Brown, and Thomas are therefore dismissed.

Plaintiff has also failed to state a claim against the Alton Housing Authority. He again does not allege facts allowing the plausible inference that his constitutional rights were violated as a result of a municipality's policy or custom. *See Monell v. Dept't of Soc. Servs.*, 436 U.S. 658 (1978). In fact, Plaintiff seems to allege that Brown acted contrary to policy by failing to direct maintenance workers to board up his residence, which is something that the Alton Housing Authority "has done on other housing unit[s]." (Doc. 24, p. 10). *See Powell v. Chicago Housing*

*Authority,* 2025 WL 1795104, at *6 (N.D. Ill. June 30, 2025). Accordingly, any intended claim against the Alton Housing Authority is dismissed.

Because Plaintiff has failed to state a constitutional claim against any of the Defendants, the Second Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

### DISPOSITION

For the reasons stated above, the Second Amended Complaint (Doc. 24) and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 20, 2026**

_____
**STEPHEN P. MCGLYNN**
**United States District Judge**